Filed 9/10/21  Luther v. Delabar CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHARI LUTHER, as Trustee, etc. et al., | |
| Plaintiffs and Respondents, | G058629 |
| v. | (Super. Ct. No. 30-2018-00970240) |
| GEOFF DELABAR, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.

Knypstra Hermes, Bradley P. Knypstra, Grant Hermes and Robert Zermeno for Defendant and Appellant.

Fitzgerald Yap Kreditor, Eoin L. Kreditor and David M. Lawrence for Plaintiffs and Respondents.

\*          \*          \*

Defendant Geoff Delabar appeals from the court's grant of a motion for summary adjudication in favor of plaintiffs Shari and Douglas Luther, as trustees of the Douglas Richard Luther and Shari Nadeane Luther Joint Living Trust Dated March 31, 2011. Defendant, proceeding in propria persona, failed to make a timely opposition to plaintiffs' motion for summary adjudication. On appeal, defendant contends the court erred by denying his request for a continuance of the motion. Because the record does not show defendant requested a continuance or that the court abused its discretion, we affirm the judgment.

## FACTS

In January 2018, plaintiffs filed the operative first amended complaint against defendant and his company, Delabar Construction Company (DCC). The complaint alleged the parties entered into an oral contract whereby defendant and DCC agreed to make certain improvements to plaintiffs' home. Defendant and DCC allegedly failed to complete the improvements or constructed them in a defective manner. The complaint accordingly alleged claims for breach of contract, breach of implied warranty, and negligence.

In March 2018, the court entered a default against defendant and DCC after they failed to respond to the complaint. In July 2018, defendant and DCC filed a motion to set aside the default, which the court granted in the following month. Defendant and DCC then filed an answer to the complaint. In January 2019, defendant's attorney filed a motion to be relieved as the attorney of record for defendant and DCC. The court granted the motion a few months later, and defendant proceeded in propria persona.

In June 2019, plaintiffs filed a motion for summary adjudication on their breach of contract claim (the MSA). Defendant failed to file any response, and plaintiffs filed a notice of nonopposition on September 12, 2019. The court held a hearing on the MSA on September 18, 2019. There is no reporter's transcript of the hearing so we do not know what arguments were raised below. The court's minute order indicates the

court heard oral argument, defendant appeared in propria persona and did not file an opposition, and plaintiffs "produced admissible evidence on each element of their breach of contract cause of action." The court accordingly found plaintiffs established they were damaged in the amount of $115,069 and granted the MSA.

On September 19, 2019, plaintiffs filed and served a notice of the court's ruling. On the following day, plaintiffs sent a copy of the proposed order granting the MSA to defendant. They requested defendant send any revisions within five days pursuant to California Rules of Court, rule 3.1312(a). After defendant failed to respond, plaintiffs filed the proposed order on September 27, 2019.

On October 1, 2019, defendant filed a notice indicating he had retained counsel for the limited purpose of filing an objection to plaintiffs' proposed order granting the MSA. On the same day, defendant filed his objection with supporting declarations. Among other things, the opposition indicated defendant "sincerely apologize[d] for failing to properly oppose [the MSA] based on [his] mistaken belief that [he] could oppose and request a continuance . . . at the September 18, 2019 hearing." The filing also appeared to be defendant's untimely attempt to substantively oppose the MSA. Because he previously had appeared in propria persona, he claimed the court should give him "great deference" and either deny the MSA or allow a continuance so he could file an opposition.

On October 25, 2019, the court granted the MSA, and plaintiffs dismissed their remaining causes of action for breach of implied warranty and negligence. On October 29, 2019, plaintiffs filed a proposed judgment. In November 2019, the court entered judgment against defendant and DCC in the amount of $115,069.26 plus interest and costs.

## DISCUSSION

Defendant contends the court abused its discretion by failing to continue the MSA in order to allow him to file an opposition. He claims he appeared in propria

3

persona at the MSA hearing and requested a continuance, but the court denied the request. Defendant accordingly argues the court did not consider the merits of the motion and summarily granted it because of defendant's "mistaken procedural error." He also contends the court abused its discretion by failing to consider his objection to plaintiffs' proposed order along with his supporting evidence showing triable issues of material fact on the breach of contract claim. For the reasons below, we disagree and affirm the judgment.

*Applicable Law and Standard of Review*

Code of Civil Procedure, section 437c, subdivision (h) provides the trial court shall deny a "motion [for summary judgment or summary adjudication], order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just" if "it appears from the affidavits submitted in opposition to [the] motion . . . that facts essential to justify opposition may exist but cannot, for reasons stated, be presented."[1] "When a party makes a good faith showing by affidavit demonstrating that a continuance is necessary to obtain essential facts to oppose a motion for summary judgment, the trial court must grant the continuance request. [Citation.] 'Continuance of a summary judgment hearing is not mandatory, however, when no affidavit is submitted or when the submitted affidavit fails to make the necessary showing under [Code of Civil Procedure] section 437c, subdivision (h). [Citations.] Thus, in the absence of an affidavit that requires a continuance under section 437c, subdivision (h), we review the trial court's denial of appellant's request for a continuance for abuse of discretion.'" (*Park v. First American Title Co.* (2011) 201 Cal.App.4th 1418, 1428.) "'"'Generally, power to determine when a continuance should be granted is within the discretion of the court, and there is no right to a continuance as a matter of law.

---

[1] All further statutory references are to the Code of Civil Procedure.

[Citation.]'"'" (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 170.)

*The record does not show the court abused its discretion.*

Defendant claims the court erred by denying his oral request for a continuance at the MSA hearing. While he argues "continuances are to be liberally granted" under section 437c, subdivision (h), he does not reference any part of the record showing he cited section 437c, subdivision (h) in the trial court proceedings. Section 437c, subdivision (h) requires a written request for a continuance to be submitted on or before the opposition is due. But defendant never filed an opposition or request for a continuance on or before the date his opposition was due. Section 437c, subdivision (h) accordingly was inapplicable, and the granting of a continuance was within the discretion of the court.

"When, as here, a request for a continuance of a summary judgment motion is made on grounds other than the mandatory basis of . . . section 437c, subdivision (h)," the party must make a showing of good cause. (*Denton v. City and County of San Francisco* (2017) 16 Cal.App.5th 779, 791.) But there is no record of defendant even requesting a continuance because defendant has not provided a reporter's transcript of the hearing. (Cal. Rules of Court, rule 8.120(b) [an appellant "must include" a reporter's transcript or agreed or settled statement when "rais[ing] any issue that requires consideration of the oral proceedings"].) "The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion." (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2020) ¶ 4:45 [same].) When an appellant elects to proceed on a clerk's transcript only, as defendant did here, the appeal is "considered to be upon the judgment roll alone." (*Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.) "[E]very presumption is in favor of the

validity of the judgment and all facts consistent with its validity will be presumed to have existed." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

Without a reporter's transcript of the hearing, we do not know what arguments were raised below or whether defendant made a showing of good cause for a continuance. The court's minute order also does not mention the purported request for a continuance. Instead, the minute order indicates defendant did not file an opposition and plaintiffs "produced admissible evidence on each element of their breach of contract cause of action." Thus, the only record of the hearing suggests the court granted the unopposed MSA on its merits.

Relying on his opposition to plaintiffs' proposed order, defendant insists he requested a continuance at the MSA hearing. He points to his declaration where he stated he "mistakenly believed [he] could request a continuance of the [MSA] at the September 18, 2019 hearing . . . . " But defendant's October 1, 2019 opposition to the proposed order was filed almost two weeks *after* the court had already granted the MSA at the hearing. Those documents do not establish what was actually argued at the hearing and cannot serve as a substitute for a reporter's transcript.

The cases defendant cites are also inapposite. Several of those cases found the trial court abused its discretion by granting summary judgment based solely on the opposing party's failure to file a proper or timely separate statement with the opposition brief. (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 161-162; *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1214-1216; *Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, 92-93, 98-99.) In other words, the trial courts erred by entering judgment against the offending parties solely because of a curable defect. Unlike the parties in those cases, defendant never even filed an opposition that was arguably defective.

Defendant points to a few other cases where a party failed to file any opposition to the summary judgment motion. For example, in *Kalivas v. Barry Controls*

6

*Corp.* (1996) 49 Cal.App.4th 1152, 1161, a party failed to file an opposition and separate statement to a summary judgment motion because she was misled by a local courtroom rule. The appellate court held the local courtroom rule was invalid and the trial court erred by denying the party's motion for reconsideration. (*Id.* at pp. 1160-1163.) No similar circumstances are present in the instant case. In *Levingston v. Kaiser Foundation Health Plan, Inc.* (2018) 26 Cal.App.5th 309, 314-318, the appellate court found the trial court abused its discretion by denying an ex parte application for a continuance that was made on the day of the summary judgment hearing. Likewise, in *Denton v. City and County of San Francisco, supra*, 16 Cal.App.5th at pp. 787-788, 792, the appellate court held the trial court erred by denying a self-represented party's request for a continuance that was made on the day of the summary judgment hearing. Unlike the records in *Levingston* and *Denton*, the record here does not show defendant requested a continuance on the day of the hearing.

Defendant further contends the court erred by failing to consider the evidence he submitted in opposition to plaintiffs' proposed order. But defendant's objection to the proposed order was untimely. He had five days after service of the proposed order to notify plaintiffs whether or not he approved of the proposed order. (Cal. Rules of Court, rule 3.1312(a).) His "[f]ailure to notify [plaintiffs] within the time required [was] deemed an approval." (*Ibid.*) In any event, the court had broad discretion as to whether it chose to consider any late-filed paper. (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765.) There is nothing in the record to show the court abused its discretion.

Defendant's reliance on section 473, subdivision (b) is also misplaced. Section 473, subdivision (b) provides: "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading

7

proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." Because defendant never filed a motion for relief, section 473, subdivision (b) was inapplicable.

Finally, defendant argues that, as a self-represented litigant, he should be afforded deference. But "[a] party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' [Citation.] Indeed, '"the in propria persona litigant is held to the same restrictive rules of procedure as an attorney."'" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn.1.)

## DISPOSITION

The judgment is affirmed. Plaintiffs shall recover their costs on appeal.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

8